UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEVE DORIA,

    Plaintiff,

v.                                                                             Case No: 2:18-cv-170-FtM-UAM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## OPINION AND ORDER

Plaintiff, Steve Doria, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal memorandum setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A. Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do his previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

**B. Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that he is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, he will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit his physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that his impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If he meets this burden, he will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that his impairment meets or equals one of the impairments listed in Appendix 1, he must prove that his impairment prevents him from performing his past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of his past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform his past relevant work, then he will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, he will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200,

1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that he is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

**C. Procedural History**

Plaintiff filed an application for a period of disability, Disability Insurance Benefits on October 28, 2014, and Supplemental Security Income on October 30, 2014, alleging an onset of disability of August 2, 2014 (Tr. 10, 243-52). The claims were denied at the initial and reconsideration levels (Tr. 100-01, 124-25). Plaintiff timely filed a request for a hearing and, on February 6, 2017, a hearing was held before Administrative Law Judge Matthew Gordon (hereinafter "the ALJ"). (Tr. 41-79). On March 31, 2017, the ALJ entered a decision finding Plaintiff not disabled. (Tr. 10-28). Plaintiff timely requested review of the decision, which was denied by action of the Appeals Council on January 12, 2018. (T. 1-6). The ALJ's decision thus became the final decision of the Commissioner. The parties having filed a joint memorandum setting forth their respective positions, this case is ripe for review.

**D. Summary of the ALJ's Decision**

At step one of the sequential evaluation, the ALJ found that Plaintiff engaged in substantial gainful activity from the alleged onset date of August 2, 2014, through March 31, 2015, but that he has not engaged in substantial gainful activity after that time. (Tr. 13). At step two, the ALJ found that Plaintiff had the following severe impairments: lumbar degenerative disc disease; remote left shoulder injury, status-post arthroscopy; coronary artery disease; diabetes mellitus;

obstructive sleep apnea; obesity; anxiety; and depression. (Tr. 13). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 13).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except he can lift or carry 20 pounds occasionally and 10 pounds frequently, while standing or walking four hours of an eight-hour day, and sitting up to six hours of an eight-hour day, with normal breaks. He can push and pull the same weights he can lift and carry. Additionally, the claimant can no more than occasionally balance, stoop, kneel, crouch, crawl, and climb ladders, ropes, scaffolds, ramps, and stairs. Finally, he is limited to simple, routine tasks, with no more than occasional contact with supervisors and co-workers, no requirement for work tasks in tandem with others, and no work with the public.

(Tr. 15). At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. (Tr. 31).

At step five, the ALJ relied upon the testimony of a vocational expert ("VE") and found that an individual with Plaintiff's age, education, work experience and RFC could work as a nut/bolt assembler, bench assembler, and sorter. (Tr. 21). The ALJ concluded that Plaintiff was not under a disability from August 2, 2016 through the date of the decision, March 31, 2017. (Tr. 21-22).

## II.     Analysis

Plaintiff raises three issues on appeal: (1) whether the ALJ erred by failing to consider and evaluate Plaintiff's complaints of frequent urination; (2) whether the ALJ erred by failing to consider whether Plaintiff's left shoulder impairment deteriorated between the time of the consultative examination and hearing decision; and (3) whether the ALJ erred by relying on the

testimony of vocational expert elicited from an incomplete hypothetical question. The Court will address each issue in turn.

### a) Whether the ALJ erred by failing to consider and evaluate Plaintiff's complaints of frequent urination.

Plaintiff notes that the record shows that he began complaining of urinary problems in April 2016. (Doc. 27 p. 8). Plaintiff also notes that he testified at the hearing that he had to use the restroom "all the time" and estimated that he had to go to the restroom every hour and sometimes every half hour. (Doc. 27 p. 8). Plaintiff notes that he has a medical condition that could have reasonably caused the frequent urination, i.e., diabetes, and that he takes medication that has frequent urination as a side effect. (Doc. 27 p. 8-9). Plaintiff argues that the ALJ erred by failing to consider or even mention Plaintiff's complaints regarding frequent urination. (Doc. 27 p. 8). Plaintiff contends the case should be remanded with instructions to the ALJ to address and properly evaluate Plaintiff's complaints of frequent urination. (Doc. 27 p. 7). In response, Defendant argues that substantial evidence supports the ALJ's evaluation of Plaintiff's subjective symptoms and that the record suggests Plaintiff's urinary problems were minor and quickly resolved. (Doc. 27 p. 11).

Here, the Court does not find it appropriate to remand this case for the ALJ to specifically consider Plaintiff's complaints of urinary problems. While Plaintiff's treatment notes show that Plaintiff complained of urination problems on three occasions in March and April 2016, Plaintiff denied urinary problems on numerous occasions throughout the record. (Tr. 516, 518, 522, 552, 555, 558, 561, 565, 570, 573, 576, 579, 583, 587, 591, 595, 599, 603, 607, 610, 614, 622, 633, 819). Further, treatment notes dated after Plaintiff's initial complaints of urinary problems show that Plaintiff denied problems. For example, in June 2016, Dr. Garciarena indicated that Plaintiff had no difficulty urinating and no increased frequency. (Tr. 913).

There is no principle of administrative law or common sense that requires remand in quest of a perfect opinion and remand is not essential if it will amount to nothing more than an empty exercise. *Stanton v. Astrue*, 617 F.Supp.2d 1205, 1222 (M.D. Fla. 2008) (citing *Fisher v. Bowen,* 869 F.2d 1055, 1057 (7th Cir.1989) and *Ward v. Comm'r of Soc. Sec.*, 211 F.3d 652, 656 (1st Cir. 2000)). While it would have been preferable had the ALJ directly addressed Plaintiff's complaints of frequent urination, the scarce medical evidence documenting urinary problems and the apparent quick resolution of the problem mitigate against remand. Accordingly, the Court rejects Plaintiff's argument that remand is necessary because the ALJ did not directly address Plaintiff's complaints concerning urinary problems.

**b) Whether the ALJ erred by failing to consider whether Plaintiff's left shoulder impairment deteriorated between the time of the consultative examination and hearing decision.**

Plaintiff argues that the ALJ erred by failing to properly evaluate Plaintiff's complaints concerning his inability to lift and handle with his left upper extremity. (Doc. 27 p. 12). Specifically, Plaintiff argues that the ALJ failed to acknowledge medical evidence showing an apparent deterioration of Plaintiff's left shoulder. (Doc. 27 p. 12). Plaintiff requests that the case be remanded with directions to readdress Plaintiff's complaints of pain and limitations related to Plaintiff's left shoulder. (Doc. 27 p. 13). In response, Defendant argues that the ALJ properly rejected additional left upper extremity limitations as they were not indicated by the record medical evidence. (Doc. 27 p. 15).

The Eleventh Circuit three-part pain standard that applies whenever a claimant asserts disability through testimony of pain or other subjective symptoms requires (1) evidence of an underlying medical condition and either (2) objective medical evidence confirming the severity of the alleged pain arising from that condition, or (3) that the objectively determined medical

condition is of such a severity that it can be reasonably be expected to cause the alleged pain. *Foote v. Charter*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Kelly v. Apfel*, 185 F.3d 1211, 1215 (11th Cir. 1999). After considering claimant's subjective complaints, the ALJ may reject them as not credible, and that determination may be reviewed for substantial evidence. *Marbury v. Sullivan*, 957 F.2d 837 (11th Cir. 1992). If the objective medical evidence does not confirm the severity of the alleged symptoms, but indicates that the claimant's impairment could reasonably be expected to produce some degree of pain and other symptoms, the ALJ evaluates the intensity and persistence of the claimant's symptoms and their effect on his ability to work by considering the objective medical evidence, the claimant's daily activates, treatment and medications received, and other factors concerning functional limitations and restrictions due to pain. *See* 20 C.F.R. § 404.1529.

In this case, Plaintiff has failed to demonstrate that the ALJ erred by failing to properly evaluate Plaintiff's complaints of left shoulder pain. In his decision, the ALJ specifically noted Plaintiff's complaints of pain and problems with his left shoulder but determined that his complaints did not necessitate an RFC greater than determined. (Tr. 15-16). As the ALJ discussed, Plaintiff had full extremity strength and sensation upon examination and personally reported going to the gym and lifting weights routinely. (Tr. 19-20).

The Court rejects Defendant's argument that remand is necessary because Plaintiff's shoulder conditioned apparently deteriorated as evidenced by the treatment notes from September and November 2016. These treatment notes do not set forth any functional limitations, but rather indicate Plaintiff's complaints of shoulder pain. The ALJ, however, addressed Plaintiff's complaints of shoulder pain. Because these treatment notes do not show that Plaintiff was impaired

in excess of his RFC for a modified range of light work, the Court finds that remand is inappropriate.

### c) Whether the ALJ erred by relying on the testimony of vocational expert elicited from an incomplete hypothetical question.

Plaintiff argues that the ALJ erred by relying on the testimony of the vocational expert ("VE") because the hypothetical question failed to accurately reflect all of Plaintiff's limitations. (Doc. 27 p. 16-18). Specifically, Plaintiff argues that the ALJ's hypothetical failed to include an option for Plaintiff to change positions as needed, failed to specify that Plaintiff needed to use the restroom every 30 minutes to an hour, and failed to include limitations with respect to Plaintiff's left shoulder. (Doc. 27 p. 18). In response, Defendant argues that the ALJ's hypothetical question adequately portrayed Plaintiff's impairments and limitations. (Doc. 27 p. 18-20).

In order for a VE's testimony to constitute substantial evidence to support the ALJ's decision, the ALJ must pose a hypothetical question to the VE that comprises all of the claimant's limitations. *See Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002).

In this case, Plaintiff does not argue that the hypothetical question posed to the VE did not accurately reflect the RFC as determined by the ALJ, but rather that the hypothetical should have contained additional limitations that the ALJ did not include in the RFC. The Court rejects this argument. While Plaintiff argues that the ALJ's hypothetical should have called for an option for Plaintiff to change position as needed, Plaintiff fails to address the fact that the ALJ explicitly rejected a sit/stand option, noting Plaintiff had full range of motion without pain, was comfortable sitting, had negative straight leg raise testing, could ambulate without difficulty, and reported his impairments were "better" with no radicular symptoms (Tr. 17, 522-26, 818, 820). Likewise, as explained above, the record does not support a limitation regarding Plaintiff's need to use the restroom as Plaintiff denied urinary problems throughout the record. (Tr. 516, 518, 522, 552, 555,

558, 561, 565, 570, 573, 576, 579, 583, 587, 591, 595, 599, 603, 607, 610, 614, 622, 633, 819, 912-13). Again, as addressed above, the ALJ determined that Plaintiff's RFC did not require additional limitations due to his alleged left shoulder impairment and, thus, the ALJ was not required to include such a limitation in the hypothetical question to the VE. In any event, as Defendant notes, the VE testified that Plaintiff could still perform the jobs proffered and a number of other jobs if Plaintiff was limited to no overhead reaching with his left upper extremity. (Tr. 72-74).

Plaintiff has failed to show that the ALJ improperly relied on the VE's testimony. Accordingly, the Court affirms the ALJ's decision.

### III. Conclusion

The decision of the Commissioner is **AFFIRMED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on July 1, 2019.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties